UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARMAYNE SMITH,

      Plaintiff,

v.                            Case No:  2:14-cv-201-FtM-38CM

HSBC BANK USA, N.A.,

      Defendant.

_____/

### ORDER[1]

This matter comes before the Court on review of the docket. This action was initiated on April 7, 2014, when eleven individual plaintiffs represented by Marc H. Hoffman of The Hoffman Law Group filed a complaint against Defendant HSBC Bank USA, N.A. (Doc. #1). After the complaint was filed, 120 days passed without notification of service. Consequently, on August 15, 2014, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. (Doc. #8). In response, Mark James Bernet, the receiver of The Hoffman Group, filed a status report. (Doc. #9). The status report explained, among other things, that The Hoffman Law Group was closed. In light of the status report, the Court stayed the case. The Court also warned the plaintiffs that the case would be dismissed for failure to prosecute unless the plaintiffs obtained new counsel or declared their intentions to proceed *pro se* by October 30, 2014.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(Doc. #10; Doc. #12). The Court did not receive any communication from any plaintiff by the October 30th deadline. As a result, the Court dismissed the case without prejudice for failure to prosecute and the Clerk entered judgment accordingly. (Doc. #13; Doc. #14).

Meanwhile, Plaintiff Charmayne Smith wrote and mailed a letter to the Court on October 25, 2014. (Doc. #15). The Court received the letter on November 12, 2014. (Doc. #15). Thereafter, on November 19, 2014, the letter was added to the docket. The letter indicates that Smith intends to proceed with her case *pro se*.

Upon consideration, the Court will reopen the case, as to Smith only, to allow her to proceed with her case *pro se*. Having found good cause, the Court will set aside the judgment (Doc. #14) only as it relates to Smith. In addition, the Court will allow Smith thirty days to properly serve HSBC Bank USA.

Since Smith is proceeding *pro se*, the Court will now take the opportunity to inform her of some, but not all, procedural rules with which she must comply with in this legal proceeding. The Court reminds Smith of these obligations because *pro se* litigants are subject to the same law and rules as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").[2] Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

All pleadings and other papers tendered to the Court must be typewritten, double-spaced, in at least twelve-point type, on unglazed white 8 ½ x 11 paper, and with 1 ¼ inch margins. See M.D. Fla. Local Rule 1.05(a).

---

[2] All filings with the Court must be made in accordance with the Rules and Local Rules. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Rules are available for review in law libraries of the state and federal courthouses.

Smith shall not correspond with the Court or any Judge in letter form.[3] In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, Judges will only deliver decisions and opinions in response to documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading or motion. See Fed. R. Civ. P. 7(a)-(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court must include a caption (the same as set forth in the operative complaint); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Smith must bear an original signature of Smith, or they will be rejected by the Court. Among other things, the signature serves as the party's certification that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. See Fed. R. Civ. P. 11(b). Smith is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines. See generally Fed. R. Civ. P. 11.

All pleadings, motions, or other papers filed with the Court must include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has

---

[3] Smith's letter (Doc. #15) was construed as a Notice to the Court. The Court, however, will not accept correspondence in letter format going forward in the case.

complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail or hand delivery). Fed. R. Civ. P. 5.

All requests for relief from, or action by, the Court must be in the form of a motion. See Fed. R. Civ. P. 7(b). If Smith seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, she must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. See M.D. Fla. Local Rule 3.01(a). Motions and memoranda cannot exceed 25 pages without permission from the Court. See id.

Further, Smith is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Smith must include a certification in the motion that she has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Smith must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires briefs and legal memoranda in opposition to motions to be filed within 14-days after being served with such motion. Smith must timely respond to the motions filed by other parties in this case, otherwise, the Court may assume she does not oppose that motion and the relief requested therein. If Smith has missed a filing deadline, Smith must file a motion seeking leave of Court to file the document out of time.

Smith is advised that she must comply with many requirements and failure to do so can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. See Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all requirements and should not be relied upon as limiting Smith's duties and obligations. Smith is directed to the Court's website at http://www.flmd.uscourts.gov. There is a section titled Proceeding without a Lawyer with additional helpful information.

Accordingly, it is now

**ORDERED:**

1. The November 6, 2014 Judgment is hereby **SET ASIDE** only as it relates to Charmayne Smith. (Doc. #14).

2. The Clerk is directed to (1) reopen the case; (2) in light of the Court's previous orders, terminate Marc H. Hoffman and Mark James Bernet from the docket so that they no longer receive CM/ECF email notifications from the Court in this matter; (3) in light of the Court's previous orders, terminate the other non-Smith plaintiffs from the case (see Doc. #13; Doc. #14); (4) change Smith's name from "Smith Charmayne" to "Charmayne Smith" on the docket; (5) add Smith's

mailing address to the docket (See Doc. #12); (6) immediately mail a copy of this Order to Smith; and (7) in light of paragraph one, file an appropriate Amended Judgment on the docket.

3. Plaintiff Charmayne Smith has up to and including **December 22, 2014**, to properly serve Defendant HSBC Bank USA, N.A. with the operative complaint and file her return of service notification on the docket. Failure to timely comply with this deadline will result in the case being dismissed without prejudice for failure to prosecute.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record